GRIMES, Judge,
concurring in part, dissenting in part.
Practically all the parties’ assets were jointly owned. As a consequence of the final judgment, the parties now own these assets as tenants in common. However, pending the dissolution, the wife surreptitiously withdrew $30,000 from a joint account. She loaned $20,000 to friends and relatives and used the balance to buy a $10,000 certificate of deposit in the name of herself and certain relatives. As a consequence of this conduct, the court directed the wife to convey to the husband her one half interest in two parcels of property having an approximate total value of $30,-000. It is this portion of the final judgment which prompts the majority to reverse.
This is not a case like Hu v. Hu, in which this court set aside a judgment ordering a transfer of property to the husband as part of equitable distribution because the husband had not pled for alimony or a special equity in the property. Here, the court was simply attempting to return the parties to the status quo. The husband did not address this matter, in the pleadings because he did not know about it until after he had filed his petition for dissolution. If the wife had not already disposed of most of the money, the court could have ordered her to return it. Since this was not possible, the court ordered the wife to convey to the husband her one half interest in property of equivalent value. It is significant to note that the wife does not complain of the court’s choice of properties or that the value thereof exceeded $30,000.
I would affirm the judgment in its entirety-